United States Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street
Penthouse, Suite1300
Philadelphia, PA 19107-312**7**
(215) 440-2684
Iris Santiago-Flores, Senior Trial Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| TILDEN RECREATIONAL VEHICLES, INC., d/b/a BOAT-N-RV SUPERSTORES, | ) ) ) | **COMPLAINT** **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of retaliation and to provide appropriate relief to Sheila A. Schoener who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Ms. Schoener was terminated from her Service Writer position in retaliation for engaging in protected activity under Title VII, when she complained about sexual harassment. As a result of the discriminatory discharge, Ms. Schoener suffered severe emotional distress, lost wages, and other damages.

1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4.      At all relevant times, Defendant Employer, Tilden Recreational Vehicles, Inc., d/b/a Boat-N-RV Superstore, has continuously been and is now doing business in Hamburg, Pennsylvania and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Sheila Schoener, the Charging Party, filed a charge of employment discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

7.    Since June 2006, Defendant Employer has engaged in unlawful employment practices at its Hamburg, Pennsylvania facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting the Ms. Schoener, to retaliation as follows:

(a)    Sheila Schoener was hired by Defendant Employer in November 2005 as a Receptionist in its Service Area.  Shortly after hire, in January 2006, Ms. Schoener was promoted to the full-time position of Service Writer, earning $20.00 per hour.

(b)   As a Service Writer, Ms. Schoener was responsible for providing customer service to customers who called for service on their vehicles or boats, and communicating their service needs to Defendant's Servicing Department.

(c)   At all relevant times, Ms. Schoener performed her job in a satisfactory manner.

(d)  On June 21, 2006, Ms. Schoener engaged in protected activity when she complained to her immediate supervisor, Defendant's Shop Foreman, that a male co-worker had been subjecting her to unwelcome inappropriate sex-based conduct. On June 22, 2006, Ms. Schoener contacted her immediate supervisor again and complained that the male co-worker had attempted to touch her inappropriately.  On June 23, 2006, Ms. Schoener spoke directly with Defendant's General Manager about her complaint against the male co-worker and filled out a "sexual harassment complaint form."

(e) On June 29, 2006, both Defendant officials to whom Ms. Schoener had complained terminated her employment for alleged poor performance.  Defendant's General Manager informed Ms. Schoener that she was being terminated for not doing her job properly.

(f) Prior to June 29, 2006, Ms. Schoener had never received or been advised of

3

any performance issues, nor had she received counseling, negative feedback, comments, or complaints about her job performance and/or conduct. To the contrary, she often received praise for her work, including from the Defendant's Owner.

(g) In terminating Ms. Schoener, Defendant Employer failed to follow its internal progressive disciplinary process. Defendant's "Separation from Employment" policy states that "[u]sually, before an employee with more than ninety (90) days service is terminated, he/she will be told the reason(s) and will be counseled by a General Manager or Human Resources Manager. At no time did Ms. Schoener receive any counseling or warning(s) from Defendant that her performance was deficient or that her employment was in jeopardy.

(h) Ms. Schoener's termination occurred merely eight days after her initial complaint of sexual harassment against a male-co-worker.

8.    The effect of the practices complained of in paragraph 7 (a)-(h) above has been to deprive Ms. Schoener of equal employment opportunities and otherwise adversely affect her status as an employee based on retaliation.

9.    The acts complained of in paragraph 7 were intentional.

10.    The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of the Ms. Schoener.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in

retaliatory discharge and any other employment practice which discriminates on the basis of retaliation.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons engaged in protected activity, which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

D.      Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

E.      Order Defendant Employer to make whole Sheila Schoener by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.      Order Defendant Employer to make whole Sheila Schoener by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

G.      Order Defendant Employer to make whole Sheila Schoener by providing

5

compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

H.    Order Defendant Employer to pay Sheila Schoener punitive damages for its malicious and reckless conduct described in paragraphs 7 above, in amounts to be determined at trial.

I.    Grant such further relief as the Court deems necessary and proper in the public interest.

J.    Award the Commission its costs of this action.

6

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
PHILADELPHIA DISTRICT OFFICE

JACQUELINE H. MCNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

IRIS SANTIAGO-FLORES
Senior Trial Attorney
IASF 3851 - Validation Code No.
U.S. EEOC, Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2684(direct)
(215) 440-2828(fax)
PA BAR ID No.: PA60171
Iris.Santiago-Flores@eeoc.gov

7